UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

REGINALD LOUIS TOLBERT, JR., )
)
        Plaintiff, )
)
v. ) 16-CV-4111
)
ILLINOIS DEPARTMENT OF )
CORRECTIONS, *et al,* )
)
        Defendants. )

## MERIT REVIEW AND CASE MANAGEMENT ORDER

      The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

      In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

      The plaintiff, proceeding *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging failure to protect at the Hill Correctional Center on May 2, 2014. The plaintiff alleges that on that date, he was assaulted by his cellmate and when he pushed the emergency button in his cell, officers did not respond. The plaintiff claims that he was forced to fight for his life, though he does not identify any injury.

      The plaintiff names the Illinois Department of Corrections and any unknown officers as defendants. The Illinois Department of Corrections is not a proper defendant under § 1983 because it is not a "person" as that term is used in the statute. *Wright v. Porter County*, 2013 WL 1176199, *2 (N.D. Inc. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a "person" or even a policy-making body that can be sued for constitutional violations.")  John Doe Officers 1, 2 and 3 will be added as defendants to replace "any unknown officers." As the court cannot effectuate service on Doe defendants, the court will add Warden Stephanie Dorethy as a defendant for the limited purpose of aiding in identifying the Doe defendants. *Donald v. Cook Co. Sheriff's*

*Dept.*, 95 F.3d 548 (7th Cir. 1996)(the court may allow the case to proceed to discovery against a high-level official with the expectation that she will aid in identifying the Doe defendants.)  Once identified, Warden Dorethy may file a proper motion to have her dismissed from the lawsuit.

The case will proceed on plaintiff's deliberate indifference claim under the Eighth Amendment.  *Velez v. Johnson*, 395 F.3d 732, 736 (7th Cir. 2005)(failure to respond to emergency button may be evidence of deliberate indifference).  The plaintiff is put on notice, however, that there is a potential statute of limitations issue in this case.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference against John Doe Officers 1, 2, and 3.  Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service.  The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service.  The defendants have 60 days from the date the waiver is sent to file an answer.  If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate the Illinois Department of Corrections and any unknown officers as defendants.

12. The clerk is directed to add John Doe Officer 1, 2 and 3 and Stephanie Dorethy, *Warden*, as defendants.

13. The clerk is directed to attempt service on Warden Dorethy pursuant to the standard procedures.

14.     Plaintiff's motion for counsel (#5) is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 9th day of August, 2016.

s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE